IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LUTISHA KENNEDY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WAL-MART STORES, INC.,** )<br>)<br>**Defendant.** )<br>_____ ) | **Case No. 14-2092-CM** |

## MEMORANDUM AND ORDER

Plaintiff Lutisha Kennedy brings this negligence action against defendant Wal-Mart Stores, Inc., claiming that she slipped on applesauce on the floor of defendant's store. She asks that defendant be held responsible for her injuries. Defendant filed a motion for summary judgment (Doc. 17). Plaintiff responded by asking for leave to conduct discovery, and then amended that motion. The case is now before the court on Plaintiff's Amended Motion for Leave to Conduct Discovery Prior to Responding to Defendant's Motion for Summary Judgment (Doc. 24). Plaintiff contends that she is unable to properly respond to the summary judgment motion until she is able to take the depositions of defendant's employees.

Under Federal Rule of Civil Procedure 56(d), the court may stay or deny a motion for summary judgment to allow further discovery if the nonmovant states by affidavit that she needs additional time to develop evidence to oppose the motion. *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (applying, as several other cases cited in this order, the former version of Rule 56(d)—Rule 56(f)). The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). But the nonmovant must satisfy several requirements to gain Rule 56(d) relief. By affidavit, she must explain: (1) why facts precluding

-1-

summary judgment are unavailable; (2) what probable facts she can find through further discovery; (3) what steps she has taken to obtain such facts; and (4) how additional time will allow her to controvert facts. *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)); *see also F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (citation omitted).

In this case, plaintiff filed a Rule 56(d) affidavit (although not with the original motion to conduct discovery—only with the amended motion). Matthew Bretz, plaintiff's attorney, states that the evidence he needs to oppose the summary judgment motion is not yet available because he been unable to depose defendant's store employees about the events leading up to plaintiff's fall. There is security video, but the video lacks audio and does not conclusively show who spilled the applesauce or when it was spilled. Mr. Bretz represents that he has attempted to take depositions of the store employees, but defendant has been nonresponsive. He identifies dates on which he contacted defense counsel to schedule the depositions. And Mr. Bretz also indicates what he hopes to learn from the depositions: "who dropped or spilled the applesauce on which [p]laintiff fell, whether it was an employee or customer, when it was dropped, and what was said by the customer who reported the spill and by store employees." (Doc. 24-1 at 3.)

Defendant asks the court to deny the motion because (1) the original motion did not include an affidavit; (2) plaintiff did not seek leave to file the amended motion; (3) plaintiff's motion is filed in bad faith or solely for delay; and (4) the motion fails to show that additional discovery is needed.

Defendant's position is not well-taken. First, the original motion is no longer at issue. Second, while plaintiff technically should have sought leave to file the amended motion, the court does not believe that under these circumstances, denial of the motion is an appropriate remedy. Third, after reviewing the posture of this case and plaintiff's affidavit, the court does not believe that plaintiff's

motion was filed in bad faith or solely for delay.  Defendant filed its motion for summary judgment two months after the magistrate judge held the scheduling conference in this case and nearly four months before the discovery deadline.  This timing supports a reasonable basis for plaintiff's motion.  And fourth, the court determines that discovery is necessary and appropriate before requiring a response to defendant's motion for summary judgment.

After consideration of the circumstances and facts in this case, the court decides that it is appropriate to deny defendant's motion for summary judgment without prejudice.  After the depositions are taken, it appears likely that an amendment of the motion could be warranted.  To avoid unnecessary motions practice regarding amendments and extensions of time, the court believes that the most efficient course of action is to partially grant plaintiff's request for relief.  Instead of giving plaintiff additional time to respond to defendant's motion, however, the court denies the motion for summary judgment without prejudice.  The parties should continue conducting discovery as provided in the scheduling order.  Defendant may refile its motion or an amended motion before the dispositive motion deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Leave to Conduct Discovery Prior to Responding to Defendant's Motion for Summary Judgment (Doc. 24) is granted in part.  Plaintiff need not respond to defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (Doc. 17) is denied without prejudice and without considering the merits.

Dated this  10th  day of October, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**